UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRANCE REID,<br>*Plaintiff,*<br>v.<br>UNITED STATES OF AMERICA,<br>*Defendant.* | Civil No. 3:16-CV-995 (JBA)<br><br>August 29, 2017 |

**RULING ON PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Terrance Reid ("Mr. Reid") filed a Motion to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate") [Doc. # 1] pursuant to 28 U.S.C. § 2255 in light of the holding in *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015) ("2015 *Johnson*"), which struck down the Residual Clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 942(e).[1]

---

[1] The Armed Career Criminal Act provides that when a person violates 18 U.S.C. § 922(g)(1) and has three previous convictions "for a violent felony, or a serious drug offense, or both, committed on occasions different from one another," that person is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" refers to any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B)(i–ii). Subsection (i) is commonly referred to as the "Elements Clause" because, in order to qualify under that subsection, "the use, attempted use, or threatened use of physical force" must be an element of the statute defining the crime of which the defendant was previously convicted. *See Villanueva v. United States*, 2016 WL 3248174, at *1 (D. Conn. June 6, 2016). The first half of subsection (ii) is referred to the "Enumerated Felonies Clause" because it lists four specific types of crimes that qualify as violent felonies. *Id.* The second half of subsection (ii) is referred to as the "Residual Clause" because it has traditionally encompassed felonies that

Petitioner argues that the Court miscalculated his base offense level by treating his prior Connecticut convictions for assault as a "crime of violence" and that the holding in *Johnson* explicitly forbids a calculation based on this reasoning. Respondent United States (the "Government") opposes the Motion, arguing that Mr. Reid's waiver of the right to collaterally attack his sentence, as set forth in his plea agreement, forecloses the first argument and that *Johnson* does not apply retroactively to the residual clause set forth in U.S.S.G. § 4B1.2(a)(2), foreclosing his second argument. In light of the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), and because he waived his right to collaterally attack his conviction, Mr. Reid's petition must be denied.

## I. Background

After a suspicious conversation between Mr. Reid and a police officer in front of a New Haven nightclub in March, 2008, the police walked over to Mr. Reid's vehicle and saw a handgun in plain view on the front seat. A grand jury subsequently indicted Mr. Reid on one count, charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Reid waived his right to that indictment and pleaded guilty to a substitute Information that charged him with possession of a stolen firearm in violation of 18

---

were considered violent notwithstanding the fact that they do not satisfy either the Elements Clause or the Enumerated Felonies Clause. *Id.*

It is the government's burden to establish whether a prior conviction qualifies under section 924(e)(2). *See United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (quoting *United States v. Brown*, 52 F.3d 415, 425 (2d Cir. 1995)). If the government meets that burden, the conviction is referred to as a "qualifying conviction."

U.S.C. 922(j) and 924(a)(2). (*See* 08-cr-115, Criminal Information [Doc. # 36]; Waiver of Indictment [Doc. # 37]; Executed Plea Agreement [Doc. # 39].)

The Plea agreement stipulated that:

> Terence Reid agrees to plead guilty to Count One of the Information, charging him with possession of a stolen firearm, in violation of 18 U.S.C. 922(j) and 924(a)(2). . . . The Government and the defendant agree that, under U.S.S.G. § 2K2.1(a)(2), the defendant's base offense level is 24. [After adjustments, the resulting offense level was 27.] The parties agree that the defendant has accumulated 12 criminal history points, and is therefore a Criminal History Category V. At an adjusted offense level of 27 and a Criminal History Category V, the resulting Sentencing Guideline range will be 120-150 months' imprisonment . . . . Because the defendant is subject to a maximum statutory penalty of 120 months' imprisonment, the effective guideline range is 120 months.

(Executed Plea Agreement at 4.) The guidelines would have advised a sentence of 130-162 months' imprisonment, but because of the statutory maximum, the parties agreed that 120 months was the appropriate guideline range.

The Plea agreement also contained the following waiver:

> The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. It is specifically agreed that the defendant will not . . . collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 120 months' incarceration . . . . The defendant acknowledges that he is knowingly and intelligently waiving these rights.

(*Id.* at 5.) The Court imposed a sentence of 120 months running concurrently with a state sentence. (Judgment [Doc. # 47] at 1.)

During the sentencing hearing, Mr. Reid orally confirmed that he understood his waiver:

> THE COURT: In your agreement you have specifically agreed you will not appeal or collaterally attack in any proceeding, including what we call a 2255 or a 2241, your conviction or your sentence of imprisonment imposed by the Court if that

3

> sentence is not more than 120 months, no matter what analysis the Court reaches that sentence by. Do you understand that?
> THE DEFENDANT: Yes, your honor.

(Ex. A. ("Plea Tr.") to Respondent's Opp'n [Doc. # 7-1] at 25; *see also* Plea Tr. at 30 (THE COURT: "There is a statutory right to appeal your sentence if you think that sentence is contrary to law, but as we reviewed earlier, you have specifically agreed that you won't appeal or collaterally attack any conviction or sentence of imprisonment if it doesn't exceed 120 months."). In his Petition to Enter Plea of Guilty, Mr. Reid confirmed that his guilty plea was made "freely and voluntarily" and of his own accord. (*See* Plea Petition [Doc. # 38] at 13.)

Mr. Reid's sentence was calculated under U.S.S.G. 2K2.1(a)(2), which declares that a defendant's base offense level shall be 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."

At that time, the Guidelines defined "crime of violence" as any offense, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> *(2)* is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G., § 4B1.2(a). Mr. Reid had prior convictions for first-degree assault, conspiracy to commit second-degree assault, and two sale of narcotics convictions, but the plea agreement was silent as to which of these convictions were considered in reaching the agreed enhanced penalty.

## II. Discussion

Section 2255 of title 28 of the United States Code provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). Relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). The petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

Petitioner argues that the ruling in *Johnson* extends to the definition of 'crime of violence' in the U.S. Sentencing Guidelines and that, when *Johnson* is appropriately applied to his case, the guidelines calculation may have been lower than the 120-month maximum to which Mr. Reid was sentenced. Petitioner's argument fails for two independent reasons, either of which would be sufficient to deny his petition. First, Mr. Reid has waived his right to attack his sentence. Second, as discussed more fully below, the Supreme Court's decision in *Beckles* effectively forecloses Mr. Reid's argument in support of his Motion.

### A. Waiver

5

In his plea agreement, Mr. Reid explicitly waived his right to collaterally attack his sentence, agreeing not to "collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 120 months' incarceration." (Plea Agreement at 5.) The court imposed a sentence of 120 months' imprisonment and the waiver therefore applies.

A waiver of the right to appeal or collaterally attack a conviction or sentence is valid if and only if the record clearly demonstrates that the waiver was both knowing and voluntary. *See United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (stating this standard in context of waivers of right to appeal); *Goss v. United States*, No. 3:13-CV-1325 (JCH), 2015 WL 778706, at *3 (D. Conn. Feb. 23, 2015) (applying this standard to waiver of right to collateral attack).

Here, the record reveals that Mr. Reid's waiver of the right to collateral attack was knowing and voluntary. In signing the Plea Agreement's "Waiver of Right to Appeal or Collaterally Attack Sentence" provision, Mr. Reid acknowledged that he was "knowingly and intelligently waiving his appellate rights." (Plea Agreement at 5.) Mr. Reid executed the Plea Agreement after having spoken to his attorney while in custody. (*See* Plea Tr. at 26-27.) At his Guilty Plea hearing, the Court confirmed that Mr. Reid had a clear mind, had not ingested any mind-altering substances, and that he understood the consequences of pleading guilty. (*Id.* at 10-11.) The Court later reminded him of his agreement to waive his right to collaterally attack the sentence and asked if he understood, to which Mr. Reid responded, "Yes." (*Id.* at 25.)

Mr. Reid did not reply to the Government's argument that he waived his right to collateral attack. The Court finds that Mr. Reid has knowingly and voluntarily waived his right to file the instant § 2255 petition. For this reason, as well as for the reason set forth below, Mr. Reid's Motion to Vacate, Set Aside, or Correct Sentence is denied.

## B. Merits

Mr. Reid argues that *Johnson* makes his sentence unlawful. See Mot. to Vacate at 1. *Johnson* held that a clause in the Armed Career Criminal Act (ACCA), which is commonly referred to as ACCA's "residual clause," was unconstitutionally vague. *See* 135 S. Ct. at 2557; *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (including in definition of "violent felony," the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another").

An identical "residual clause" appeared in the Guidelines definition of "crime of violence" at the time of Mr. Reid's sentencing. *See* U.S.S.G. § 4B1.2(a)(2) (including in definition of "crime of violence," the phrase, "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Past convictions for crimes of violence serve as predicate offenses to enhance the penalty under U.S.S.G. 2K2.1(a)(2), the provision under which Mr. Reid's base offense level was established. Mr. Reid argues that his base offense level should have been lower because, pursuant to *Johnson*, his prior assault convictions should not have counted "as 'crimes of violence.'" Mot. to Vacate at 2.

Under the Supreme Court's recent holding in *Beckles*, however, there is no basis for Petitioner's argument. In *Beckles*, as here, "[a]t the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Beckles*, 137 S. Ct. at 890 (citation omitted). *Beckles* rejected the petitioner's argument "that the Guidelines' residual clause is . . . void for vagueness." *Id.* at 890. The Supreme Court explained that, while *Johnson* had held "that the identically worded residual clause in [ACCA] was unconstitutionally vague," *Johnson* did not apply to the Guidelines, because the Guidelines are advisory only, and as such "are not subject to vagueness challenges under the Due Process Clause." *Id.* Because *Beckles*

7

undermined the argument Mr. Reid seeks to make—that the Guidelines' use of the "residual clause" in the definition of "crime of violence" is void for vagueness—there is no basis for his Motion.

### III. Conclusion

Because the Court finds that Mr. Reid waived his right to collaterally attack his sentence and because his argument lacks merit under the Supreme Court's holding in *Beckles*, Mr. Reid's Motion is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29 day of August 2017.